ORIGINAL

**FILED**

05/30/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: PR 22-0684

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## PR 22-0684

FILED

MAY 3 0 2023

Bowen Greenwood
Clerk of Supreme Court
State of Montana

IN THE MATTER OF MATTHEW LOWY,

An Attorney at Law,

Respondent

O R D E R

On November 30, 2022, the Office of Disciplinary Counsel (ODC) filed a formal disciplinary complaint with the Commission on Practice (Commission) against Montana attorney Matthew Lowy. The disciplinary complaint may be reviewed by any interested person in the office of the Clerk of this Court.

The ODC alleged one count of misconduct against Lowy for failing to respond to a request for response from ODC regarding a report ODC received from a District Court judge who raised concerns about Lowy's representation of a client in a family law matter. ODC further asserted that at the time it received the report, Lowy was on probation for violations of the Montana Rules of Professional Conduct (MRPC) that occurred during his representation of two other clients. ODC explained:

> As part of his discipline, and among other requirements Respondent [Lowy] was placed on probation and assigned an ODC mentor. . . . Respondent and his mentor have dutifully participated in the mentorship and filed the necessary reports. However, throughout the period of mentorship, Respondent's mentor has expressed concern regarding Respondent's ability to manage his law practice.

Regarding the current disciplinary complaint, ODC alleged that it received the judge's report in January 2022. By letter dated March 31, 2022, it requested that Lowy respond by April 21, 2022. Lowy acknowledged receipt of the letter and later requested,

and was granted, extensions of time to respond. However, he failed to file a response in the ensuing months in spite of repeatedly assuring ODC that the response was imminent. Ultimately, on August 11, 2022, ODC sent Lowy a letter via certified mail that required him to file the response no later than August 22, 2022. Lowy signed for the letter, but thereafter ceased communicating with ODC.

From these alleged facts, the ODC accused Lowy of violating M. R. Pro. Cond. 8.1(b) by failing to respond to its inquiries. It further alleged that Lowy could be subject to discipline under Montana Rules for Lawyer Disciplinary Enforcement (MRLDE) 8(A)(6), for failing to promptly and fully respond to ODC's inquiries.

On December 22, 2022, Lowy filed a response to the disciplinary complaint, captioned "Answer and Unconditional Admission," with the Clerk of this Court. However, the Commission concluded that, notwithstanding the caption, the document was unclear as to whether Lowy intended to waive formal hearing. Since the Commission understood, however, that Lowy intended to file a Conditional Admission and Affidavit of Consent to comport with MRLDE 26, it set a private Rule 26 hearing. However, Lowy did not timely file a Conditional Admission and Affidavit of Consent in accordance with MRLDE 26 and the Commission reset the hearing as a formal hearing on April 20, 2023. Lowy then belatedly attempted to file a Conditional Admission and Affidavit of Consent with the Commission on April 17, 2023. Although the Commission initially considered the document "lodged only and not filed," and the matter remained set for formal hearing hearing on April 20, 2023, the Commission ultimately decided to file the Conditional Admission and Affidavit of Consent and convert the hearing to a Rule 26 hearing, with Lowy's consent and waiver of the 20-day notice period.

In the tendered Conditional Admission and Affidavit of Consent, Lowy acknowledged that the material facts of the complaint were true and that he had violated the MPRC as alleged by ODC. In exchange for his tendered admissions, Lowy agreed to discipline in the form of:

1. an indefinite suspension from the practice of law for a minimum of at least one year;

2

2. closure of his IOLTA/trust account as soon as practicable, but not later than three months from the date of this Order of Discipline; and

3. assessment of costs pursuant to MRLDE 9(A)(8).

Lowy further agreed that, upon any reinstatement to the practice of law, he will be subject to a five-year probationary period, commencing upon the date of the order of reinstatement, with four conditions:

1. Lowy will comply with the MRPC, subject to further discipline for any violations of the MRPC while on probation;

2. Lowy will obtain a mentor, subject to ODC's approval, within 30 days of his reinstatement date;

3. Lowy and his mentor will meet quarterly to discuss his adherence to the MRPC and the actions and procedures Lowy has implemented to eliminate the repeated failures that occurred in his practice, along with quarterly reports to ODC; and

4. Lowy will not engage in the solo practice of law without the permission of both ODC and his mentor.

At the April 20, 2023 hearing, Chief Disciplinary Counsel Pam Bucy advised the Commission that ODC was in agreement with Lowy in the resolution of this matter. Bucy further noted that Lowy never responded to the underlying report from the District Court judge as required by ODC, and that ODC had received additional grievances against Lowy in the interim. Bucy requested that Lowy's suspension begin as soon as he is able to transfer any remaining clients.

Lowy advised the Commission that he had four remaining clients that he could transfer within two weeks and complete his IOLTA accounting within 60 days.

On May 18, 2023, the Commission submitted to this Court its Findings of Fact, Conclusions of Law, and Recommendation for Discipline in which it recommended that this Court accept Lowy's conditional admissions for violating M. R. Pro. Cond. 8.1(b) for repeatedly failing to respond to ODC's requests for response, with additional grounds for

3

discipline under MRLDE 8(A)(6) for failing to respond to ODC's inquiries, and impose discipline in the form of:

1. indefinite suspension from the practice of law for a minimum of at least one year;

2. prompt withdrawal from representation of any remaining clients and closure of Lowy's IOLTA trust account within three months from the date of this Order of discipline, and providing to ODC confirmation of closure, along with the final month's IOLTA account statement, and not engaging in the practice of law for any purpose other than filing motions to withdraw as counsel for his current clients during this interval; and

3. payment of the costs of these proceedings incurred by ODC and the Commission.

The Commission further determined that, if Lowy is later reinstated to the practice of law, he shall be subject to a five-year period of probation, beginning on the date of the Order of Reinstatement, and that his probationary period will be subject to the conditions set forth in Lowy's Conditional Admission and Affidavit of Consent and reiterated above.

This Court reviews de novo the Commission's findings of fact, conclusions of law, and recommendations. *In re Neuhardt*, 2014 MT 88, ¶ 16, 374 Mont. 379, 321 P.3d 833 (citation omitted). Having thoroughly reviewed the pertinent portions of the record, and having considered the disciplinary criteria enumerated in MRLDE 9(B), we have determined to accept the Commission's recommendation.

Based upon the foregoing,

IT IS HEREBY ORDERED:

1. The Commission's Recommendation that we accept Lowy's Rule 26 tendered admission is ACCEPTED and ADOPTED.

2. Lowy is hereby indefinitely suspended from the practice of law for a minimum of at least one year.

3. Lowy will promptly withdraw from representation of all remaining clients and close his IOTLA trust account no later than three months from the date of this Order of

4

Discipline. Lowy will provide to ODC confirmation of closure, along with the final month's IOLTA account statement. Lowy shall not engage in the practice of law for any purpose other than filing motions to withdraw as counsel for his current clients during this interval.

4. Lowy shall pay the reasonable and necessary costs of these proceedings subject to the provisions of MRLDE 9(C)(4), allowing objections to be filed to the statement of costs.

5. If Lowy is reinstated to the practice of law, he shall be subject to a five-year probationary period from the date of the order of reinstatement and additional conditions as set forth in the Commission's May 18, 2023 Findings of Fact, Conclusions of Law, and Recommendation for Discipline.

6. Pursuant to MRLDE 26(D), the Clerk of this Court is directed to file a copy of Lowy's Conditional Admission and Affidavit of Consent.

The Clerk of this Court is directed to serve a copy of this Order of Discipline upon counsel for Matthew Lowy, and to provide copies to Disciplinary Counsel, the Office Administrator for the Commission on Practice, the Clerks of all the District Courts of the State of Montana, each District Court Judge in the State of Montana, the Clerk of the Federal District Court for the District of Montana, the Clerk of the Circuit Court of Appeals of the Ninth Circuit, and the Executive Director of the State Bar of Montana.

DATED this 30 day of May, 2023.

_____
Chief Justice

_____

_____

_____

_____

_____

_____
Justices